IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

REPURPOSED THERAPEUTICS, INC.
D/B/A DEFENDER PHARMACEUTICALS,
INC., a Florida corporation,

    Plaintiff,

vs.        CASE NO:

BOSTON BIOTECH CONSULTANTS, LLC,
a Massachusetts limited liability company,

    Defendant.
_____/

## COMPLAINT AND JURY TRIAL DEMAND

The plaintiff, Repurposed Therapeutics, Inc. d/b/a Defender Pharmaceuticals, Inc. ("RTI"), through its undersigned counsel, hereby sues the defendant, Boston Biotech Consultants, LLC ("Boston Biotech"), and alleges:

### GENERAL ALLEGATIONS

### Parties, Jurisdiction, and Venue

1. This is an action for, among other things, damages in excess of $75,000.00, exclusive of interest, costs, and attorneys' fees.

2. RTI is a Florida corporation with its principal place of business located in Tampa, Florida. Thus, RTI is a citizen of Florida.

3. Boston Biotech is a Massachusetts Limited Liability Company with its principal place of business located in Bolton, Massachusetts. Thus, Boston Biotech is a citizen of Massachusetts.

4. The sole member of Boston Biotech is Robert Tuttle. Mr. Tuttle is a citizen of Massachusetts.

5. Boston Biotech is subject to personal jurisdiction in the State of Florida pursuant to *Florida Statutes* § 48.193 because, without limitation, Boston Biotech (a) operated, conducted, engaged in, or carried on business in Florida, or engaged in substantial and not isolated activity within Florida; (b) committed tortious acts within Florida, individually or through its agents; and (c) breached a contract in Florida by failing to perform acts required by the contract in Florida.

6. This Court also has personal jurisdiction over Boston Biotech pursuant to Federal Rule of Civil Procedure 4(K)(1)(a) by virtue of Boston Biotech transacting, doing, and soliciting business in this District, and because Boston Biotech committed acts giving rise to this action in this District.

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, in that: (a) this is an action between a citizen of a foreign state and a citizen of the State of Florida; and (b) the amount in controversy herein exceeds $75,000.00, exclusive of interest, costs, and attorneys' fees.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391.

## The Independent Contractor Agreement

9. Boston Biotech and RTI entered into an Independent Contractor Agreement dated July 13, 2017 (the "Agreement"), attached hereto as Exhibit A.

10. The Agreement provides that Boston Biotech "will be assisting RTI with a HHS BARDA BAA Response as a White Paper proposal submission ("White Paper") to the Department of Health and Human Services (HHS) Biomedical Advanced Research and Development Authority (BARDA)."

11. RTI engaged Boston Biotech to provide the highest level of quality and greatest chances of success for the submission of the White Paper proposal to BARDA.

12. More specifically, Boston Biotech agreed to the following:

a. Boston Biotech will provide the services of Dr. Robert Tuttle and other Senior Principal Associates of Boston Biotech onto the project team as needed to provide expert best efforts consultation to the project team in attending a BARDA Tech Watch Meeting in Washington DC and in preparation of the relevant RTI BARDA White Paper Proposal drafts to the relevant BARDA BAA solicitation for advanced R&D nerve agent therapy funding.

b. Dr. Tuttle of Boston Biotech and other Senior Principal Associates of Boston Biotech onto the project team as needed will make best efforts to participate in all requested project teams, calls and any remote meetings such as Go to Meetings or site meetings at RTI and/or Washington DC etc. as requested by RTI in order to provide expert guidance on the content or direction of the project.

c. Dr. Tuttle and or other Senior Associates of Boston Biotech onto the project team as needed will provide previously recognized expert guidance on the proposed project scope to ensure alignment with BARDA strategic priorities, during the proposal preparation and/or proposal draft review periods.

d. Dr. Tuttle and/or other Senior Associates of Boston Biotech onto the RTI BARDA White Paper project team as needed will provide expert guidance on the content and form of the application to possibly include, but not exclusive of:

    i. Strategic Approach for BARDA funding

    ii. BARDA White Paper Structure

    iii. BARDA White Paper technical review

    iv. BARDA White Paper draft revisions

    v. BARDA White Paper draft Red Team Reviews

    vi.  BARDA CONOPS alignment review

    vii.  White Paper Proposal Polishing and Final Draft for RTI submission

    viii.  Quad Chart and cover letter preparation

    ix.  Costing Review to align with BARDA IGCE

13. The Agreement also set forth the payment of fees for services rendered. Under the agreement, RTI paid Boston Biotech $231,340.25 to provide expert best efforts consultation to assure the greatest chance for success of RTI's white paper proposal to BARDA.

## **RTI'S WHITE PAPER PROPOSAL**

14. RTI informed Boston Biotech that the Food and Drug Administration ("FDA") was willing to advise RTI regarding the preparation and submission of its White Paper to BARDA and provide RTI feedback before submission to BARDA.

15. Also, BARDA recommended that RTI submit its draft White Paper to the FDA for review and comments before submission.

16. BBC told RTI that acceptance of the White Paper by BARDA and a request for a full proposal from BARDA was a "slam dunk". BBC informed RTI that FDA feedback was not necessary.

17. Based upon BBC's representations, RTI followed BBC's advice and did not seek feedback from the FDA before the White Paper was submitted to BARDA.

18. On August 20, 2018, BBC informed RTI that the draft White Paper was nearing completion. However, RTI had not been provided any drafts of the White Paper from Boston Biotech.

19. On September 28, 2018, RTI received email correspondence from Boston Biotech stating, in relevant part, the following:

>Today Bob instructed me that the white paper and the techwatch both needed to be submitted today, even despite the ongoing discussions. He instructed me that the several items that I had brought to everyone's attention, and were still subjects of discussion, were acceptable as-is, and could be further addressed/clarified during the full proposal. He instructed that both the TechWatch and the White paper had to be submitted by 5pm today (which I have done – see separate email).

20. Boston Biotech, without authority or approval from RTI, submitted an incomplete and inaccurate White Paper proposal to BARDA.

21. On November 28, 2018, BARDA rejected RTI's White paper proposal and did not invite RTI to submit a Full Proposal.

22. BARDA's rejection correspondence identified weaknesses in the White Paper Proposal including lack of clarity in the submission, lack of evidence, and inaccuracies that caused a concern that RTI lacked the necessary expertise for the program.

23. All conditions precedent to the maintenance of the causes of action set forth herein have occurred or have been waived.

## COUNT I
## BREACH OF CONTRACT

24. This is an action for damages exceeding $75,000.00, excluding interest, costs, and attorneys' fees, and all other available relief.

25. RTI incorporates herein by reference the allegations set forth in paragraphs 1-22 above as if fully set forth herein.

26. Boston Biotech materially breached the Agreement by, without limitation**:**

    a. Submitting a White Paper proposal on behalf of RTI without authorization or approval.

    b. Submitting a White Paper proposal to BARDA containing numerous inaccuracies and omissions resulting in the rejection of the proposal by BARDA.

      c.      Failing to provide the services agreed upon and paid for by RTI.

27.    As a direct and proximate result of Boston Biotech's breach of the Agreement, RTI has suffered, and continues to suffer, damages.

WHEREFORE, RTI respectfully requests that the Court enter judgment against Boston Biotech awarding RTI compensatory, special, incidental, consequential and such other relief and remedies permitted by law or equity.

## JURY TRIAL DEMAND

RTI hereby demands a jury trial on all issues so triable.

Dated: January 21, 2019

/s/ Robert L. Rocke
Robert L. Rocke, Esq. (FBN 710342)
Email: rrocke@rmslegal.com
Jonathan B. Sbar, Esq. (FBN 131016)
Email: jsbar@rmslegal.com
ROCKE, McLEAN & SBAR, P.A.
2309 S. MacDill Avenue
Tampa, FL 33629
Telephone: 813-769-5600
Facsimile: 813-769-5601
Attorneys for Plaintiff