UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**REPURPOSED THERAPEUTICS, INC.,**
a Florida corporation d/b/a Defender
Pharmaceuticals, Inc.,

    **Plaintiff,**

v.                                                                    Case No: 8:19-cv-00151-MSS-JSS

**BOSTON BIOTECH CONSULTANTS,**
**LLC,** a Massachusetts limited liability
company,

    **Defendant.**

## ORDER

**THIS CAUSE** comes before the Court for consideration of Plaintiff's Motion for Default Judgment. (Dkt. 11) Upon consideration of all relevant filings, case law, and being otherwise fully advised, the Court **GRANTS** Plaintiff's Motion for Default Judgment.

**I.     Background**

On January 21, 2019, Plaintiff brought this action for Breach of Contract. (Dkt. 1) On April 25, 2019, Plaintiff filed an Affidavit of Service proving that on January 23, 2019, Defendant was served with a copy of the Summons and Complaint. (Dkt. 11-1) To date, Defendant has not filed an Answer or other responsive pleading in this case. On February 28, 2019, upon Plaintiff's Motion for entry of clerk's default (Dkt. 9), the Clerk entered a default against Defendant. (Dkt. 10) Plaintiff now seeks entry of a final judgment

of default against Defendant pursuant to Rule 55 of the Federal Rules of Civil Procedure ("Rule 55"). (Dkt. 11)

## II.   Legal Standard and Analysis

Pursuant to Rule 55, to enter a default judgment, there must be a sufficient basis in the pleadings to support the relief sought.  "The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.  In short . . .  a default is not treated as an absolute confession of the defendant of his liability and of the plaintiff's right to recover."  Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975).[1]  If the facts in the complaint are sufficient to establish liability, then the court must conduct an inquiry to ascertain the amount of damages.  See Adolph Coors Co. v. Movement Against Racism & the Klan, 777 F.2d 1538, 1543-44 (11th Cir. 1985). Damages may be awarded only if the record adequately reflects the basis for the award via a hearing or a demonstration of detailed affidavits establishing the necessary facts. See id. at 1544.

Plaintiff has set forth a valid cause of action for Breach of Contract. (Dkt. 1) To prevail on a claim for breach of contract under Florida law, the plaintiff must establish the following elements: (1) a valid contract; (2) a material breach; and (3) damages.  Beck v. Lazard Freres & Co., LLC, 175 F.3d 913, 914 (11th Cir. 1999). The Parties entered into an Independent Contractor Agreement dated July 13, 2017. Plaintiff alleges that Defendant breached Plaintiff's contract when Defendant submitted a White Paper proposal without authorization or approval, which contain numerous inaccuracies and

---

1 In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

2

omissions that resulted in the rejection of the proposal, and failed to provide the services agreed upon and paid for by Plaintiff. (Id. at ¶ 26) Plaintiff asserts that as a direct and proximate result of this breach, it has suffered, and continue to suffer, damages.  (Id. at ¶ 26)

By failing to defend against the Complaint, Defendant is deemed to have admitted the well-pleaded factual allegations against them.  Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc., 561 F.3d 1298, 1307 (11th Cir. 2009).  Thus, the Court concludes that Plaintiff's Complaint adequately establishes jurisdiction and states a claim for breach of contract against Defendant.

Further, where, as here, a request for monetary relief is made, the Court may enter judgment without a hearing if "the plaintiff's claim against [the] defendant is for a sum certain or for a sum which can by computation be made certain," or if "the amount claimed is a liquidated sum or one capable of mathematical calculation," or if the movant submits sufficient evidence to support the request for damages.  See S.E.C. v. Smyth, 420 F.3d 1225, 1231 (11th Cir. 2005); Adolph Coors Co., 777 F.2d at 1544; United Artists Corp. v. Freeman, 605 F.2d 854 (5th Cir. 1979).

Plaintiff alleges that Defendant must repay the agreed upon contract fee of $231,340.25 that Plaintiff alleges was paid in full. (Dkt. 1) The claimed amount is certain and liquidated and further supported by unrebutted evidence. (Dkt. 1)

### III.   CONCLUSION

Upon consideration of the foregoing, it is hereby **ORDERED** as follows:

1.  Plaintiff's Motion for Entry of Default Judgment (Dkt. 11) is **GRANTED.** Plaintiff is entitled to the following amounts: $231,340.25 plus interest at the statutory rate to run from the date of this judgment until the judgment is satisfied.

2.  The **CLERK** is directed to enter judgment accordingly and **CLOSE THIS CASE**.

**DONE** and **ORDERED** in Tampa, Florida, this 2nd day of October, 2019.

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE